### NAGEL v. COHEN et al.

(Supreme Court, Appellate Term. November 24, 1908.)

1. SALES (§ 24*)—OPTION TO PURCHASE—CONSIDERATION—OBJECTION.

The owner of certain fixtures valued at $1,800 agreed to sell them for that amount to defendant J., who deposited with defendant C. $100 to be paid to the owner if J. did not purchase as agreed, and the owner deposited an equal amount to be paid to J. if the owner did not sell the fixtures as agreed. The owner also agreed not to change the situation of the fixtures during the period for which the option was given, and to give J. the exclusive option to purchase. *Held*, that there was sufficient consideration for the promise of J. that the money deposited with C. should be paid to the owner on J.'s failure to carry out the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 49; Dec. Dig. § 24.*]

2. FRAUDS, STATUTE OF (§ 84*)—SALE OF GOODS.

The owner of certain fixtures valued at $1,800 agreed to sell them for that amount to defendant J., and deposited with defendant C. $100 to be paid to the owner if J. did not purchase the fixtures as agreed, and the owner deposited an equal amount with C. to be paid to J. if the owner did not sell the fixtures as agreed. The owner also agreed not to move or change the situation of the fixtures during the period for which the option was given, and to give J. the exclusive option to purchase. *Held*, that the contract was an option, and not one for the sale of goods, and was not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 155; Dec. Dig. § 84.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John M. Nagel against William Cohen and Charles Jacobowitz. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Isidor Cohn, for appellants.
Wm. Pinkney Hamilton, for respondent.

PER CURIAM. The plaintiff sued the defendants Cohen and Jacobowitz to recover $200. The plaintiff was the owner of certain fixtures valued at $800, which he agreed to sell for this amount to the defendant Jacobowitz. Jacobowitz deposited with Cohen $100 to be

paid to the plaintiff if Jacobowitz did not purchase the fixtures as agreed. The plaintiff deposited with Cohen $100 to be paid to Jacobowitz if the plaintiff did not sell the fixtures to him as agreed. The plaintiff also agreed not to remove the fixtures from their present situation in the premises. In the event of the contract being carried out, $100 was to be returned to each of the parties.

The evidence shows that Jacobowitz agreed to purchase the fixtures upon the assumption that he could secure a lease of the premises in which the fixtures were situated. Jacobowitz was unable to secure the lease, and broke his contract to purchase the fixtures. The plaintiff sued both Cohen and Jacobowitz to recover $200. Upon the trial the complaint was dismissed as to Jacobowitz, and judgment was rendered in favor of the plaintiff for $200. The appellants claim that, although the complaint was dismissed as to Jacobowitz, judgment was, nevertheless rendered against both defendants. This claim is not sustained by the judgment itself, which shows that it was entered merely against Cohen, and not against both defendants. After the complaint was dismissed as to Jacobowitz, counsel for the defendant Cohen admitted that the plaintiff was entitled to recover the $100 deposited by him. The only question in dispute, therefore, is whether the plaintiff was entitled to recover from the defendant Cohen the $100 deposited by Jacobowitz with Cohen. The agreement of the plaintiff giving Jacobowitz the exclusive option to purchase the fixtures and his agreement not to move or change the situation of the fixtures during the period for which the option was given was sufficient consideration upon which to found the promise of Jacobowitz that the $100 which he deposited with Cohen should be paid to the plaintiff in the event of Jacobowitz's failure to carry out the contract. The contract, pursuant to which Jacobowitz deposited $100, was an option, and not a contract for the sale of goods, and was not within the provisions of the statute of frauds. The agreement of the plaintiff to refrain from moving or changing the situation of the fixtures was also a part of the consideration for which Jacobowitz deposited the $100.

The judgment appealed from is affirmed, with costs.